**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 98-10015
Summary Calendar

_____

MARETA R. CARPENTER,

Plaintiff-Appellant,

VERSUS

BT OFFICE PRODUCTS INTERNATIONAL, INC.

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
Dallas Division
(3:96-CV-2355-P)

_____

July 16, 1998

Before KING, HIGGINBOTHAM, DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Mareta R. Carpenter ("Carpenter") challenges the district court's order granting summary judgment to the defendant employer, BT Office Products International, Inc. ("BT"), in Appellant's employment discrimination case brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. The issue on appeal narrows to whether the district court correctly

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined on summary judgment that the employer's true reason for discharging Ms. Carpenter was her substandard job performance. After carefully reviewing the record, we are persuaded that Ms. Carpenter failed to raise an issue of fact from which a fact finder could infer that the employer's stated reason for discharge was pretextual.

Carpenter's evaluation marks were the lowest in her group. Carpenter was not replaced by BT. Her work was allocated to other Customer Service Representatives ("CSRs"). This fact supports BT's contention that it was downsizing and moving toward a more efficient operation rather than getting rid of older employees.

Carpenter argues that a review prepared by Callahan, one of her prior supervisors, supports her claim that she was a competent employee and that BT's proffered reasons for firing her were pretextual. We disagree. As the summary judgment record indicates, even though this review reflected that Ms. Carpenter's performance was average to above average in every category, Carpenter still ranked the lowest among the CSRs in her group. Furthermore, Callahan's review of Carpenter also pointed out areas that needed improvement. Two months later these issues were noted as not having improved by the BT Customer Service Training Manager.

Miller, the supervisor at the time of Carpenter's termination, experienced problems with Carpenter similar to those Callahan documented. Miller also counseled Carpenter for her failure to handling incoming calls in accordance with company policy. Miller

2

further counseled Carpenter on her below average line production. Even though Carpenter later increased her line output the following month, one good month does not establish an employee's work history. Carpenter failed to produce competent summary judgment sufficient to permit a fact finder to conclude that Appellee terminated Ms. Carpenter for her age or for some reason other than her substandard work performance.

For these reasons, we conclude that the district court correctly granted summary judgment for BT. The judgment of the district court is therefore

AFFIRMED.